PETER MARTUCCI, an Infant under the Age of 14 Years, by PASQUALE MARTUCCI, His Guardian ad Litem, and PASQUALE MARTUCCI, Respondents, v. ESKAY COAL & FUEL CORPORATION, FRANK RODIA and WILLIAM RODIA, Appellants.— Action to recover for personal injuries and for loss of services.   The infant plaintiff testified that he was roller-skating on the left side of the roadway on Sixth avenue, Brooklyn, and that when he stopped near the curb to adjust one of his skates he was struck by a coal truck.   The chassis of the coal truck was owned by the defendant Frank Rodia.   The body was furnished by the defendant Eskay Corporation.   The uncontradicted evidence is that the defendants were engaged in the coal business for themselves and in trucking coal for the Eskay Corporation and another coal company at stipulated rates per ton.   The boy with whom the infant plaintiff admittedly was roller-skating testified that the two boys were skating on the right side of the roadway and were hitching onto the back of a wagon and that the infant plaintiff dashed out from behind the wagon and in front of the coal truck.   Two physicians and a police officer testified that shortly after the accident the infant plaintiff stated that he had been hitching onto the back of a wagon.   Judgment in favor of the plaintiffs and against defendant Eskay Coal & Fuel Corporation reversed on the law, with costs, and the complaint dismissed, with costs.   Lazansky, P. J., Carswell, Adel and Taylor, JJ., concur; Hagarty, J., dissents and votes to affirm.   Judgment in favor of the plaintiffs and against defendants Frank Rodia and William Rodia reversed on the law and the facts and a new trial granted, costs to abide the event.   Lazansky, P. J., Adel and Taylor, JJ., concur; Hagarty and Carswell, JJ., dissent and vote to affirm.   The verdict is against the weight of the evidence on the issues of negligence.   The defendant Eskay Coal & Fuel Corporation is not liable for the negligence of defendants Rodia.   (*McLaughlin* v. *Audley Clarke Company*, 251 N. Y. 507.)

ANNIE MILLER, Formerly Known as ANNIE GROSS, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action for damages for personal injuries claimed to have resulted from the negligence of the defendant in the manner of the operation of the doors of its trolley car while plaintiff was attempting to alight therefrom.   Judgment for the plaintiff reversed on the facts and a new trial granted, with costs to abide the event.   The verdict is against the weight of the evidence.   This view is inescapable when the vague and contradictory version of the accident given by the plaintiff is considered in connection with the version thereof furnished by the defendant's witnesses.   Lazansky, P. J., Hagarty, Carswell and Taylor, JJ., concur; Adel, J., concurs for reversal, but dissents as to a new trial and votes to dismiss the complaint.